**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Stevie Norwood,<br><br>    Defendant | Case No.: 2:22-cr-00268-JAD-NJK-1<br><br>**Order Granting Motions for Early Termination of Supervised Release, for Leave to File Under Seal, and for Appointment of Counsel**<br><br>[ECF Nos. 6, 7, 8] |

Stevie Norwood is two years into a five-year term of supervised release after completing his sentence for possession of a controlled substance with intent to distribute methamphetamine.[1] Though he was sentenced in the Western District of Texas, Norwood's supervision was transferred to Nevada on December 1, 2022.[2] Norwood now moves for appointment of counsel, leave to file his financial affidavit under seal, and early termination of his supervision period. Because Norwood has demonstrated his inability to afford an attorney, I grant his motions for appointment of counsel and for leave to file his affidavit under seal. And I grant his motion for early termination of supervised release because he meets the qualifying criteria.

**I.    Norwood is entitled to a court-appointed attorney.**

District judges have discretion to appoint counsel for "any person financially unable to obtain adequate representation."[3] Eligibility for court-appointed counsel is determined by

---

[1] ECF No. 8 at 1.

[2] ECF No. 2.

[3] L.C.R. 44-1 (citing the Plan for Administration of the Criminal Justice Act (CJA) of 1964, https://www.nvd.uscourts.gov/wp-content/uploads/2021/01/CJA-Plan-Revised-12-2020.pdf).

assessing the person's financial affidavit under a deferential standard: "[a]ny doubts about a person's eligibility should be resolved in favor of eligibility."[4]

Norwood's financial affidavit indicates that his monthly income is variable and largely dedicated to covering his monthly expenses.[5] It also notes that Norwood financially supports two other individuals.[6] The affidavit demonstrates Norwood's inability to afford an attorney and his need for one to be appointed for him, so I grant his request to appoint counsel.

## II. Norwood's financial affidavit will remain sealed.

It is well established that the Ninth Circuit "recognize[s] a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[7] "This right is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies."[8] But "access to judicial records is not absolute."[9] Ordinarily, "[w]hen ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[10] Courts in the Ninth Circuit and at least two other circuit courts have recognized that such a standard doesn't apply to financial affidavits like the one Norwood filed here because they are administrative, not judicial, in nature.[11] I find that

---

[4] The Plan for Administration of the CJA of 1964 at 7–8.

[5] ECF No. 7 (sealed).

[6] *Id.*

[7] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

[8] *Id.* (cleaned up).

[9] *Id.*

[10] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 685 F.3d 1115, 1119 (9th Cir. 2012) (citing *Kamakana*, 447 F.3d at 1179).

[11] *See, e.g.*, *U.S. v. Lexin*, 434 F. Supp. 2d 836, 847–49 (S.D. Cal. 2006) (finding that because "[t]he documents containing the financial information of a [d]efendant requesting appointment of counsel that are submitted to the court are not related to the process of adjudicating whether

reasoning persuasive and adopt it here. So, because Norwood's affidavit is an administrative document that contains personal financial information that the public does not need access to, I grant his request for leave to file the affidavit under seal.

## II.     Norwood is entitled to early termination of his supervised release.

Norwood moves for early termination of supervised release, arguing that he has complied with all the conditions of his supervision, never missed or failed a drug test during his supervised release, works full-time, maintains strong relationships with his family, and does not currently rely on the U.S. Probation Office to provide him any medical, educational, or vocational services.[12] He also notes that his probation officer Donnette Johnson supports his request for early termination.[13] The government opposes Norwood's motion based on a lack of changed circumstances and his criminal history—which includes convictions for voluntary manslaughter with use of a deadly weapon and conspiracy to commit robbery, in addition to his instant drug offense—arguing that his qualification as a career offender means that should remain under supervision to deter him from engaging in future criminal behavior.[14]

District courts have "broad discretion in determining whether to grant a motion to terminate supervised release."[15] "After considering a subset of the sentencing factors set forth in

---

defendants are guilty or innocent of the crimes on which they are charged," such documents "are not judicial documents" and are instead "administrative documents not subject to disclosure to the public or press."); *Morrison v. Dietz*, 2010 WL 395918, at *3 (N.D. Cal. Feb. 1, 2010). At least two circuit courts have concluded the same. *Boston Herald v. Connolly*, 321 F.3d 174 (1st Cir. 2003); *United States v. Gonzalez*, 150 F.3d 1246 (10th Cir. 1998).

[12] ECF No. 8 at 3–4.

[13] *Id.* at 5.

[14] ECF No. 10 at 5.

[15] *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citing 18 U.S.C. 3583(e)(1); *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006)).

18 U.S.C. § 3553(a), a court may terminate a term of supervised release" after the expiration of the first year of supervised release if the court "'is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'"[16] Those § 3553(a) factors are the nature and circumstances of the offense; the defendant's history and characteristics; the need to deter criminal conduct, protect the public from the defendant's further crimes, and give the defendant needed resources that the probation office can provide; the sentence and sentencing range; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims.[17] But the court is not obligated to "tick off" each § 3553(a) factor and illustrate its consideration.[18] The defendant has the burden to establish entitlement to the rarely granted remedy of early termination of supervised release.[19] "This is usually accomplished by alerting the district court to 'unforeseen' or 'changed circumstances' that implicate [the] initial sentencing decision and analysis."[20]

Norwood's offense was drug trafficking, and there is no indication that it involved violence.[21] As to the defendant's history and characteristics, Norwood points to many changed circumstances since he was sentenced nearly nine years ago. During his custodial sentence, he completed the Residential Drug Abuse Program, as well as classes in welding, anger

---

[16] *Emmett*, 749 F.3d at 819 (quoting 18 U.S.C. § 3583(e)(1)).

[17] 18 U.S.C. §§ 3553(a), 3583(e)(1).

[18] *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

[19] *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

[20] *Id.* (quoting *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)). Although "[c]hanged circumstances *may* in some instances justify a modification," they are not required for early termination. *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (internal quotation marks omitted).

[21] ECF No. 8 at 1; ECF No. 10 at 2.

management, and parenting skills.[22] Throughout his incarceration, he held jobs as a porter, landscaper, and "lead man" constructing military equipment, and also worked with the prison chaplain for six years as a mentor to at-risk youth.[23] Since his release, Norwood has complied fully with the terms of his supervision and has continuously tested negative on each of his drug tests.[24] This sobriety is a marked departure from his drug use prior to his sentencing, during which he reported using marijuana weekly since the age of 22.[25] Additionally, Norwood is employed, spends time with his family including his seven children, and maintains a long-distance relationship with the mother of one of his children.[26] These activities demonstrate his ability to contribute positively to his family and community without receiving Probation's services.[27] And importantly, his probation officer supports terminating his supervision.[28]

Norwood requests early termination of his supervised-release term based on these changed circumstances as well as his desire to travel more freely for work as a boxing promoter and to visit his long-distance girlfriend.[29] He also seeks early termination in order to advance his business goals, noting that he was denied a small-business loan in 2022 when the lender learned that Norwood is on federal supervised release.[30] The government argues that Norwood's current supervision terms are "minimal and largely non-invasive," and the fact that he has missed last-

---

[22] ECF No. 8 at 3.
[23] *Id.*
[24] ECF No. 11 at 2.
[25] *Id.*
[26] ECF No. 8 at 4.
[27] *Id.*
[28] *Id.* at 4–5.
[29] *Id.* at 4.
[30] ECF No. 11 at 2–3.

minute work trips does not warrant the extraordinary relief he requests.[31]  It also has concerns about recidivism due to Norwood's criminal history and qualification as a career offender.[32]

Norwood accepted responsibility for his crimes, served more than seven years in custody without negative incident and made positive impacts in the prison community.  He maintains strong family relationships and is working to advance his career.  Norwood's significant strides in his social and professional life counter his criminal history from nearly a decade ago and reduce any concerns for recidivism.  I thus find that it is in the interest of justice for Norwood's supervised-release term to be terminated, so I grant his motion and terminate his supervision.

**Conclusion**

IT IS THEREFORE ORDERED that Norwood's motion for early termination of supervised release **[ECF No. 8] is GRANTED**.  Norwood's supervision is TERMINATED.

IT IS FURTHER ORDERED that Norwood's motion for appointment of counsel **[ECF No. 6] is GRANTED *nunc pro tunc* to February 14, 2023**, and his motion for leave to file his affidavit under seal **[ECF No. 7] is also GRANTED**.  The Clerk of Court is directed to MAINTAIN THE SEAL on docket entry ECF No. 7.

_____
U.S. District Judge Jennifer A. Dorsey
May 24, 2023

---

[31] ECF No. 10 at 5.

[32] *Id.*